BYRNES, Judge.
This is an appeal from the granting of a declinatory exception of lack of subject matter jurisdiction. We reverse.
Appellant, Loretto Babst, is seeking statistical and other financial data from Juvenile Court for Orleans Parish relative to the amounts paid to attorneys out of the court’s Judicial Expense Fund. After being turned down (orally) by the administrative judge for Juvenile Court, Babst filed suit in Civil District Court for Orleans Parish pursuant to R.S. 44:35(A), seeking a writ of mandamus ordering production of the requested information. The state responded by urging that Civil District Court did not have jurisdiction over this subject matter because the Code of Juvenile Procedure provided the exclusive means by which the public could exercise its limited right of access to the records of juvenile court. The trial court agreed and maintained the exception. We reverse.
The plain wording of the Public Records Act (R.S. 44:1 et seq.) leaves no doubt that *137 in Orleans Parish, the Civil District Court has subject matter jurisdiction over this matter. R.S. 44:35(A) provides that a person who has been denied access to public records may “institute proceedings — in the district court for the Parish in which the office of the custodian is located”, (emphasis added) The district court for Orleans Parish is Civil District Court not Juvenile Court. The fact that the Code of Juvenile Procedure states that the records of juvenile proceedings shall be confidential (C.J.P. Arts. 14 E. and 122 A.) does not remove this subject matter from the district court’s jurisdiction over issues arising in the context of the Public Records Act.
C.J.P. Art. 122 B. exempts statistical information and information of a general nature from the confidentiality protection of Art. 122 A. When access to such information is requested under the provisions of the Public Records Act, as in this case, the denial of access is subject to review by the Civil District Court for the Parish of Orleans. R.S. 44:35 A. Juvenile courts do not have the power to determine the scope and applicability of the Public Records Act. That power was given to “the district court for the parish in which the office of the custodian [of the records sought] is located.” The trial court in this case erred by concluding otherwise.
For the foregoing reasons the judgment below is reversed and the case is remanded to the district court for a hearing pursuant to R.S. 44:35 to determine if the information sought by appellant falls under C.J.P. Art. 122 B., or is otherwise subject to disclosure under the Public Records Act. This hearing is to be held by preference and is a summary manner R.S. 44:35 C.
Costs of this appeal are to be paid by appellee.
REVERSED.